IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS,
BEAUMONT DIVISION

| | |
|---|---|
| BRITTANY RENE PETRY, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. _____ |
| § | |
| TEXAS DEPARTMENT OF § | |
| CRIMINAL JUSTICE, § | |
| Defendant. § | JURY TRIAL DEMANDED |

PLAINTIFF'S ORIGINAL COMPLAINT

### A. PARTIES

1. Brittany Rene Petry ("Plaintiff" or "Petry" or "Officer Petry") is a resident of Jefferson County, Texas.

2. Texas Department of Criminal Justice ("TDCJ") is a State entity and has its place of business in Beaumont, Jefferson County, Texas, and may be served by serving the Senior Warden, Calvin Tucker at the Mark W. Stiles Unit, 3060 FM 3514, Beaumont, Texas 77705.

### B. JURISDICTION

3. This court has jurisdiction because it involves a federal question.

### C. VENUE

4. Venue is proper in this district because Defendant has its principal office in this district and there is no other basis for venue under 42 U.S.C. §2000e-5(f)(3).

## D. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A, which was received by Plaintiff on May 29, 2018.

## E. DISCRIMINATION UNDER TITLE VII

6. Plaintiff was an employee of the Texas Department of Criminal Justice.

7. Under Title VII, Defendant is a public employer and an "employer" within the meaning of Title VII, affecting commerce, and has 500 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

8. Plaintiff has been subjected to harassment, discipline, retaliation, and discharge based upon her sex (female), race (black), color (black), national origin (African American).

9. Plaintiff was sexually harassed by Captain Schuyler Levias (male) ("Levias") beginning around May 2016. Even after the complaint Levias

continued to make crude sexual comments regarding Plaintiff's sex life and called her a "fine young thing."

10. After filing a sexual harassment complaint against Captain Levias, Plaintiff, Brittany Petry, was harassed immediately following the complaint.

11. While still in the presence of Kathy Nelson and Warden V. McMullen, Plaintiff was asked to step out while the two remained in the office together. After being allowed back into the office, Captain Levias called by phone which was answered by Kathy Nelson on speakerphone and instructed her to send Plaintiff to his office immediately. Kathy Nelson along with Warden McMullen gave Plaintiff a direct order to report to his office and then return back to human resources.

12. Upon arrival of Captain Levias at his office he told Plaintiff to have a seat across from his desk and told Plaintiff to spread her legs so he could get a good look at Plaintiff. Officer Petry stood instead.

13. Plaintiff was harassed for wearing a smock that covered up her uniform and only left out the arms, collar, and pant legs showing. It was a part of her religious belief to be respected by not wearing tight fitted clothing and covering up her uniform by a smock because that was optional and not a part of the TDCJ uniform requirement.

14. Captain Levias told Plaintiff that only if she would have obeyed and listened to him, he could have protected her and given her preference around the job with duty posts. Plaintiff stated to Kathy Nelson that she didn't come to work to be harassed by my superior supervisor. Kathy Nelson advised Plaintiff that she would be reassigned to another shift, without having to work directly with Captain Levias.

15. After her sexual harassment complaint, Plaintiff was retaliated against by multiple supervisors. Captain Jesus Llamas (male, Hispanic) ("Llamas") said he didn't like black people, he "knew Plaintiff's situation" and he would "help Plaintiff get out the door."

16. Plaintiff was assigned to another shift and immediately retaliation began. Captain Llamas told Plaintiff directly that he was aware of Plaintiff's sexual harassment complaint against Captain Levias and that he didn't care to work around black people who run their mouth, this was the prison and what happened between those walls were private. Captain Llamas stated to Plaintiff that he was going to help get Plaintiff fired; he was going to get Plaintiff out the door.

17. Plaintiff was put in isolated work areas, Plaintiff was not given proper supplies, and Plaintiff was hung up on by David Turrubiate (male) ("Turrubiate") if Plaintiff called him.

18. Even after Plaintiff's complaint, the harassment continued. UTMB Staff member Nurse Leal is aware of a medical situation on August 1st, 2016, she responded after Officer Petry had called out to the same supervisors on duty Captain Llamas and Lt. Turrubiate, for medical assistance on 8 bldg. Jpod picket.

19. Plaintiff was evaluated by trained and certified medical staff whom deemed necessary to have Officer Petry transported out of the hospital by (EMS).

20. UTMB Nurse Leal stated what a shame for no one to respond or help but herself.

21. Lt. Turrubiate, admitted that Plaintiff notified him when Plaintiff missed work. Lt. Turrubiate told Plaintiff to take care of her sick mother whom everyone was already aware of her mother receiving medical notice of approximately six months to live; Lt. Turrubiate gave Plaintiff permission for emergency absences because of her mother's rapid physical disintegration, stating, "This job will be here, family first."

22. However, when Plaintiff returned to work the supervisor over Lt. Turrubiate stated to Plaintiff that he was instructed by Captain Llamas to write Plaintiff up for no call/no show. When Plaintiff returned to work and upon arrival, before she could even report to her duty post, Plaintiff was cleared by Warden along with personnel officer Kathy Nelson to return to work.

23. On August 1st, 2016 Plaintiff had a health emergency at work. Plaintiff called out for help over the radio and no TDC employee responded.

24. Later Plaintiff was disciplined for an alleged "no call/no show." Plaintiff denied ever not showing up for work without properly notifying her supervisor. On October 25, 2016 Plaintiff was terminated related to the alleged absenteeism.

25. Plaintiff was terminated on October 25, 2016 due to unexcused absenteeism according to the respondent for dates July 15, 2016, July 17, 2016, and July 18, 2016. Plaintiff did in fact file a grievance to challenge her discharge, TDCJ said the July 2016 allegation Happened Almost Three Months Prior. TDCJ has a 14 days from the date of a disciplinary action to run them and make a decision. Plaintiff provided medical documentation from her Doctor on why she couldn't attend the scheduled mediation which she paid $50.00 to attend.

26. Supervisors Captain Llamas and Turrubiate have no EPL (employee personal logs) for Plaintiff showing a pattern for a no call no how or anything else for that matter.

27. Plaintiff filed a grievance with their employer on November 28, 2016, Grievance #16006005 with her employer related to the allegation of *unexcused absenteeism*. On December 12, 2016, this Grievance was denied by the Texas Department of Criminal Justice. The ostensible reason for the denial was *unexcused absenteeism*. The real reason for the denial was not "in good faith."

28. Plaintiff wants to return to work and perform her normal job duties. Plaintiff has been subjected to retaliation, discriminated against, had to work in hostile work environments, continued sexual harassment from superior supervisor, reported said harassment to both unit warden secretaries Oliver and Nebbs on numerous accounts, but was later wrongfully terminated by a Warden Plaintiff had never met on October 25, 2016 for an alleged incident that happened in July of 2016.

29. TDCJ has a zero-tolerance policy against unwanted sexual contact or communication sexual harassment; except when committed by TDCJ senior male, administrator Levias.

30. Plaintiff was an employee of Defendant. Levias, Turrubiate, and Llamas were employees of Defendant. The sexual conduct by Levias was unwelcome.

31. The unwelcome conduct was sufficiently severe or pervasive so as to unreasonably interfere with the Plaintiff's work performance, or create an intimidating, hostile, or offensive work environment.

32. The Defendant employer knew or should have known of the harassment and failed to take prompt and remedial measures to stop it.

33. The Plaintiff suffered damages as a result of the harassment.

34. Plaintiff engaged in a protected activity or opposition.

35. Plaintiff suffered an adverse employment action.

36. A causal connection exists between plaintiff's protected activity and the adverse action.

37. Plaintiff suffered damages as a result of the defendant's retaliatory conduct.

38. The TDCJ intentionally discriminated against Plaintiff in violation of Title VII by creating a sufficiently severe, pervasive, intimidating, hostile and

offensive working environment, so as to unreasonably interfere with Plaintiff's work performance.

## F. DAMAGES

39. As a direct and proximate result of TDCJ's conduct, Plaintiff suffered the following injuries and damages:

   a.   Plaintiff was *discharged* from employment with the State.

   b.   Plaintiff suffered loss of her retirement benefits for premature retirement.

   c.   Therefore, Plaintiff seeks an award of front pay and retirement benefits to compensate her without any mandatory retirement age.

   d.   Plaintiff suffered mental anguish and emotional distress.

## G. ATTORNEY FEES & COSTS

40. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

## H. PRAYER AND JURY DEMAND

42. For these reasons, Plaintiff DEMANDS a TRIAL BY JURY, and asks for judgment against Defendant for the following:

a. Actual damages.

b. Prejudgment interest on lost wages and benefits and postjudgment interest on all sums, including attorney fees.

c. Reasonable attorney fees.

d Costs of suit.

e. All other relief the Court deems appropriate.

Respectfully submitted,

WATTS & COMPANY LAWYERS, LTD.

/s/ *Larry Watts*
Laurence ("Larry") Watts
State Bar No. 20981000
P.O. Box 2214
Missouri City, TX  77459
Tel. (281) 431-1500
Fax: (877) 797-4055
wattstrial@gmail.com

ATTORNEY FOR PLAINTIFF