| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| BRITTANY RENEE PETRY, | § § § § § § § § § § § | FILED: **7/1/21** U.S. DISTRICT COURT EASTERN DISTRICT COURT DAVID A. O'TOOLE, CLERK |
| Plaintiff, | | |
| *versus* | | CIVIL ACTION NO. 1:18-CV-373 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | | |
| Defendant. | | |

**COURT'S INSTRUCTIONS TO THE JURY**

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important

for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

### BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

Plaintiff has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

### EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

### STIPULATIONS OF FACT

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court. In this case, the parties have stipulated:

Plaintiff was terminated from her employment with Defendant.

### WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the

relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

### IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

### LAW-ENFORCEMENT OFFICER TESTIMONY

You are required to evaluate the testimony of a law-enforcement officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a law enforcement officer.

### NO INFERENCE FROM FILING SUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## TITLE VII - RETALIATION

Plaintiff claims that she was retaliated against by Defendant for engaging in activity protected by Title VII. Plaintiff claims that she reported sexual harassment by Defendant's employee. Plaintiff claims that Defendant retaliated against her by terminating her employment.

Defendant denies Plaintiff's claims and contends that Plaintiff did not report allegations of sexual harassment at any time during her employment and that she was terminated for excessive absenteeism pursuant to a mandatory policy after failing to report to work for four days in a row without notifying a supervisor of her absence.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII. To prove unlawful retaliation, Plaintiff must prove by a preponderance of the evidence that:

1. Plaintiff engaged in a protected activity, i.e., made a complaint of sexual harassment during her employment;

2. Defendant terminated Plaintiff's employment; and

3. Defendant's decision to terminate Plaintiff's employment was on account of her protected activity.

You need not find that the only reason for Defendant's decision was Plaintiff's complaint of sexual harassment. But you must find that Defendant's decision to terminate Plaintiff would not have occurred in the absence of—but for—her complaint of sexual harassment.

If you disbelieve the reason Defendant has given for its decision, you may, but are not required to, infer that Defendant would not have decided to terminate Plaintiff but for her engaging in the protected activity.

## DAMAGES

If you found that Defendant violated Title VII, then you must determine whether it has caused Plaintiff damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff has proved liability.

Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff would have earned in her employment with Defendant if she had not been terminated from October 25, 2016, to the date of your verdict, minus the amount of earnings and benefits that Plaintiff received from employment during that time; and (2) the amount of other damages sustained as a result of Plaintiff's mental anguish and emotional distress.

Back pay includes the amounts the evidence shows Plaintiff would have earned had she remained an employee of Defendant. These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits Defendant proves by a preponderance of the evidence Plaintiff received during the period in question.

Front pay compensates Plaintiff for lost compensation from the date of the judgment to the date Plaintiff is (1) reinstated or (2) would have been expected to leave the position she would have

occupied but for the termination. Your determination of front pay is advisory only and is not mandatory on the court.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff for the harm she has sustained. Do not include as actual damages interest on wages or benefits.

### DUTY TO DELIBERATE

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date

it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

SIGNED at Beaumont, Texas, on this _1st_ day of July, 2021.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE